SINGER MANUFACTURING COMPANY v. FRANCES FLYNN.[1]

January 21, 1896.

Nos. 9833—(222).

**Contract by Agent—Modification—Ratification.**

*Held,* the evidence sustains the findings and judgment.

Appeal by plaintiff from a judgment of the municipal court **of** St. Paul, in favor of defendant, entered in pursuance of the findings and order of Twohy, J. Affirmed.

*Nelson & McDermott*, for appellant.

*C. D. & Thos. D. O'Brien* and *Wm. F. Hunt*, for respondent.

CANTY, J.[2] Replevin for a sewing machine. Trial by the court without a jury. Judgment for defendant, and plaintiff appeals.

One Noel was the agent of plaintiff, with authority to make contracts for the sale of its sewing machines according to the terms of a certain printed blank form. On May 27, 1892, he made an oral contract with defendant, by the terms of which he agreed to sell her one of plaintiff's sewing machines, and take in payment therefor $5 in cash, an old sewing machine priced at $10, and two months' board for himself at the rate of $25 per month. At the same time she signed a so-called lease, being one of said blank forms which he had filled up, the legal effect of which is a conditional sale of the sewing machine by plaintiff to her for the price of $60, reciting that $10 thereof was paid with her old machine, $5 in cash, and the balance was to be paid at the rate of $3 per month thereafter until paid. This contract he retained. He filled out another blank in the same form, except that he added to the bottom of it the statement, "This is to be paid in board." This blank, so filled up, was delivered to her without being signed by any one. Thereupon the new sewing machine was delivered to her, her old one to the plaintiff, and she also paid the $5 in cash, and Noel commenced to board with her, and boarded a month and one-half.

On the trial, the defendant testified that, about a week after

[1] Reported in 65 N. W. 923.

[2] Buck, J., did not sit.

Noel commenced to board with her, an agent or collector of the plaintiff called at her house and asked her what arrangements she had made as to the sewing machine, when she told him that the balance of the purchase price was to be paid in boarding Noel. The witness continued: "He said, 'Yes; but you must have receipts every month.' And I said, 'Give me a receipt for a month.' And he took out a paper, and then he hesitated a moment, and he said, 'I will come up Monday, and give it to you.' And I said, 'All right.' So he didn't come up, and I have not got any yet. I went down to the office to see Mr. Winchell, and they said he was out. * * * I went to Mr. Winchell and asked him for a receipt. I told him what the gentleman said who came to the house,—that he would give a receipt,—and he said, 'If that gentleman said so, he would have to pay the money.'" The Court: You told Mr. Winchell that yourself? "A. Yes, sir; I went and told Mr. Winchell that myself. and he said, 'Mr. Noel is working for us, and he is our agent, and I think I can make him pay for it.' And he still continued to work for them some time afterwards." On cross-examination she further testified that Noel promised to get her receipts from the company, and, further, as to her conversation with Winchell, the plaintiff's manager. Said the witness: Q. You have seen Mr. Winchell? A. Yes, sir. Q. He told you, didn't he, that he would try and get Mr. Noel to fix the matter up? A. He said he didn't want to get into any trouble. He supposed he would be responsible for it, and he would try and have it fixed up. Q. Did he say he would try and have Mr. Noel fix it up? A. He said he would try to fix it up. He said, "Perhaps I can get it out of Mr. Noel." That is the way he spoke about it.

It must be held on the evidence that Noel had no original authority to barter this sewing machine for his board, and it is contended by appellant that his attempt to do so was never ratified by his principal, and that, even if his principal had attempted to ratify the transaction, it would avail nothing, as it would be simply an attempt to ratify a contemporaneous oral agreement contradicting the written agreement for the sale of the machine, and that such written contract, signed by the defendant, must control. Whether or not such a contemporaneous oral agreement, subsequently ratified and executed, amounts to a subsequent oral mod-

ification of the written contract, we need not decide. We are of
the opinion that the evidence will support a finding that Noel made
a subsequent oral contract by which he attempted to modify the
original written contract so as to make the balance of the purchase
price of the machine payable in the board of himself. The evi-
dence tends to prove that he had several conversations to this ef-
fect with defendant after the making of the written contract, and
while he was boarding with her. We are also of the opinion that the
evidence tends to prove that plaintiff ratified what he thus attempt-
ed to do. For two years after plaintiff obtained full knowledge of
its agent's acts, it seems, both by word and act, to have acquiesced
in the same. According to the original written contract, the rent
or purchase price came due each month in instalments of $3 per
month. But for two years after plaintiff obtained full knowledge
of Noel's acts, it made no positive disavowal of the same, and made
no demand for, or attempt to collect any of, these instalments.
Under these circumstances, we are of the opinion that there is suffi-
cient evidence of ratification.

We are also of the opinion that the court did not err in admitting
in evidence the unsigned written instrument aforesaid. While it
was of no weight or validity in itself, it tended to throw light on
and render intelligible the subsequent conversations between de-
fendant and Noel and defendant and Winchell, and furnish some
of the terms of the subsequent modification of the contract. This
disposes of the case.

Judgment affirmed.

COLLINS, J. (dissenting). I find no evidence tending to sustain
the statement that Noel made a subsequent oral contract by which
he attempted to modify the original written contract, or that plain-
tiff ratified what Noel attempted to do. In my judgment the proof
is that, within a week after defendant obtained the machine, she
learned that plaintiff's manager repudiated all agreements outside
of those contained in the writing, and from that time on she was
trying to collect what Noel owed her for board through the plain-
tiff company and the assistance of its manager. The latter simply
delayed efforts to collect from defendant the monthly instalments
as they fell due. The manager thereafter allowed defendant to re-

tain and use the machine for about two years before he insisted upon payment. The plaintiff corporation ought not to be punished for exercising some forbearance in the enforcement of its legal rights.